# United States District Court
## for the
### District of New Hampshire

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Joseph M. Roux                     Case Number: 10-CR-75-01-JL

Name of Sentencing Judicial Officer:    Honorable Joseph N. Laplante

Date of Original Sentence:    October 28, 2010

Original Offense:    Felon in Possession of a Firearm, in violation of 21 U.S.C. § 922(g)(1)

Original Sentence:    33 months imprisonment, followed by 3 years supervised release

Type of Supervision: Supervised Release        Date Supervision Commenced: June 8, 2012

Asst. U.S. Attorney:   John J. Farley, Esq.        Defense Attorney: Jeffrey S. Levin, Esq.

## PETITIONING THE COURT

[X]    To issue a warrant
[ ]    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No: | Condition: | Nature of Noncompliance: |
|---|---|---|
| 1 | **VIOLATION OF MC:** The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer. | On May 27, 2014; June 7, 2014; and June 17, 2014, the defendant called and received automated drug testing instructions to submit a urine sample within 24 hours, on each date he subsequently failed to comply with the instructions and by not reporting to his designated testing site or to the probation office. |
| 2 | **VIOLATION OF MC:** The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer. | From June 19, 2014, to June 30, 2014, the defendant failed to make required daily telephone calls to receive automated drug testing instructions. |
| 3 | **VIOLATION OF MC:** The defendant shall non commit another federal, state, or local crime. | On or about June 29, 2014, the defendant illegally possessed and used a controlled substance, heroin, which was not prescribed to him, in violation of 21 U.S.C. § 844(a) and NH RSA 318-B:2, as evidenced by urinalysis testing and his admission on June 30, 2014. |

## RECOMMENDATION AND JUSTIFICATION

The undersigned is recommending that a [X] warrant / [  ] summons be issued based on the following:

**Warrant**

[  ] Recent Criminal Activity
[  ] Prior Crimes of Violence
[  ] Prior Failure to Appear
[X] Severe Substance Abuse Addiction
[  ] Prior Failure of Community Supervision
[  ] Danger to Community
[  ] Risk of Flight
[  ] Other (Described below)

**Summons**

[  ] No Risk of Flight
[  ] No Danger to Community
[  ] Stable Residence
[  ] Stable Employment
[  ] No Substance Abuse
[  ] Other (Described below)

## PREVIOUS NONCOMPLIANCE

On April 16, 2014, the Court was notified of the defendant's prior instances of noncompliance (repeated opiate use) and a plan was implemented to address it.  On March 18, 2014, he was admitted to a short-term residential treatment facility.  On April 15, 2014, he successfully completed the program.

## OFFICER'S ASSESSMENT

Following the notification sent to the Court, the defendant appeared to be doing well.  On May 12, 2014, he reported to the probation office and submitted a urine sample which returned negative for any illegal substances.  The defendant reported he recently returned from a camping trip and was in good spirits.  Some time after the office contact, and unbeknownst to the probation officer, the defendant's uncle died.  The defendant reported that the incident was the impetus for his relapse.  He advised that he continued to call the drug testing phone line, but did not report for a urinalysis.

On June 18, 2014, this officer attempted to contact the defendant following his second missed drug test.  A voice mail was left instructing him to report to the probation office within 24 hours.  The following day, the defendant stopped calling the drug testing phone line.  On June 24, 2014, this officer called the defendant's employer to see if he was going to work.  His supervisor advised that he has not been in to work due to a family emergency.  This family emergency coincided with the same day he stopped calling the drug testing phone line.  On June 26, 2014, this officer attempted an unannounced home contact to provide the defendant with written instructions to report to the probation office.  The defendant was not home and neither was his dog, RV, or personal vehicle.  Both a letter and business card were left with instructions to report to the probation office.

On June 30, 2014, the defendant reported to the probation office and provided a urine sample that tested positive for opiates.  He signed a written admission stating that he last used heroin on June 29, 2014.  He

Prob 12c                                                                                RE:  Joseph M. Roux

admitted to receiving instructions to report for drug testing and not complying.  The defendant also said that, when he stopped calling the drug testing phone line, he was on a camping trip in Lancaster, New Hampshire. This officer then asked why the defendant did not report that he was going to be away from his home for longer than 48 hours, as is required by policy.  The defendant stated the last time he reported he was going on a camping trip his former probation officer showed up.  He indicated that he did not want to suffer the same embarrassment twice and decided not to report the travel.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Reviewed by:

Respectfully submitted:

Christopher H. Pingree
Supervising U.S. Probation Officer
Date: July 1, 2014

Matthew Farwell
U.S. Probation Officer
Date: July 1, 2014


THE COURT ORDERS

[  ]    No Action
[ x]    The Issuance of a Warrant / Matter Sealed Pending Arrest
[  ]    The Issuance of a Summons
[  ]    Other

Andrea K. Johnstone
United States Magistrate Judge

Date:  July 1, 2014